UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **REGINALD D. LACOUR** | : | **DOCKET NO. 2:21-cv-03195**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JAIL OF BEAUREGARD PARISH, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is the original and amended civil rights complaints [docs. 1, 10], filed pursuant to 42 U.S.C. § 1983, by plaintiff Reginald D. LaCour, who is proceeding pro se and in forma pauperis in this matter. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is currently incarcerated at the Beauregard Parish Jail in DeRidder, Louisiana.

### I.
#### BACKGROUND

Plaintiff's complaint makes numerous allegations against various individuals related to his confinement at the Beauregard Parish Jail (BPJ). Before the Court addresses the entirety of Plaintiff's complaint, he should amend, as set forth below.

### II.
#### LAW & ANALYSIS

*A. Frivolity Review*

LaCour has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that

cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

### C.  Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1)  the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2)  a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3)  the place and date(s) that each event occurred; and

(4)  a description of the alleged injury sustained as a result of the alleged violation.

### D.  Improper Parties

#### a.  Beauregard Parish Sheriff's Department and Jail

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 U.S. Dist. LEXIS 46965, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Accordingly, LaCour's claims against the Beauregard Parish Sheriff's Department must be dismissed.

Moreover, a parish or municipal jail is "not an entity, but a building." *John v. Locke*, 2018 U.S. Dist. LEXIS 1099 at *4 (W.D. La. Jan. 2, 2018). Accordingly, the Beauregard Parish Jail is not a proper defendant to this action and should be dismissed.

### b. *Warden Freddie Doyle and Assistant Warden Luke Gaspard*

Plaintiff names Warden Freddie Doyle and Assistant Warden Luke Gaspard as defendants. Plaintiff should note that [s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), cert. denied, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983).

Plaintiff should amend to allege sufficient to demonstrate the personal involvement or implementation of unconstitutional polices by Warden Doyle and Assistant Warden Gaspard or dismiss them from this suit.

### E. Theories of the Complaint

#### a. Excessive Force

LaCour claims that on August 24[1], "several officers jumped on [him] while he was handcuffed and shackled," injuring his left elbow. Doc. 10, p. 1. He contends that this "assault" by Deputy Andrew Hext, Deputy Norred, Deputy Calcote, Deputy Straisner, Deputy Spikes, Deputy Cooley, Deputy Smith and Deputy Dickens was unprovoked. *Id.* Lacour should amend his complaint to set forth the facts surrounding the incident and allege facts to demonstrate that the use of force was a violation of his Constitutional rights and not an appropriate exercise of force under the circumstances. He should also state whether any criminal charges related to the incident in question were filed, and if so, the status of those charges. If charges were filed, and if he stands convicted of those charges, plaintiff's suit may be barred by the *Heck* Doctrine. *See Heck v. Humphrey*, 114 S.Ct. 2364 (1994) (holding that dismissal is required when a state prisoner whose conviction or sentence has not been declared invalid seeks damages in a § 1983 suit and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence); and *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir.1996) (holding an excessive-force claim was barred by *Heck* where it would imply the invalidity of a conviction for battery).

#### b. Medical Care

Plaintiff contends that he has been denied medical care in two instances: (1) following his alleged contraction of Covid-19; and (2) following an injury sustained as a result of an alleged assault by prison officials. It appears that plaintiff is a pre-trial detainee. As a pretrial detainee, Plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have

---

[1] Although the complaint does not say, we assume plaintiff's alleged assault occurred in 2021.

not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish*, 99 S.Ct. 1861, 1872 (1979). The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997), *quoting Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996). Plaintiff's complaint is directed to episodic acts or omissions. Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show both that he suffered a sufficiently serious deprivation, and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650.

This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. In order to prevail on such claims, convicts must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 97 S.Ct. 285, 291 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). At present, plaintiff has made no such showing with respect to either circumstance.

As a result of the assault described in Section E above, LaCour alleges that his left elbow has been "swollen the size of a grapefruit." Doc. 10, p. 1. While he was seen by medical staff at

BJP and received an x-ray, which did not show broken bones, he complains that an MRI should have been performed. Nurse Lisa Gearen, named as a defendant herein, told him that he could only have an MRI if he paid for it himself because the prison could not afford it. *Id*. at p. 2. He also names Nurse Practitioner "Mr. Thibedeaux" as a defendant, alleging that he is "acting as doctor prescribing meds." Doc. 1, p. 5.

Plaintiff also contends that, at the time of filing his complaint, he had been sick with Covid like symptoms for over a month. Doc. 1, p. 6. He complains that he was unable to be tested for Covid because the facility charges $125 for a visit to the Nurse Practitioner at the facility, which did not perform Covid tests, and a visit to an ER costs $400. *Id*. He alleges that he was coughing up bloody mucus.

With respect to the injury to his elbow, it appears that plaintiff simply disagrees with the treatment decisions of the health care professionals who were responsible for his care and treatment. Plaintiff admits that he was examined by a nurse immediately, x-rayed, and promptly dispensed medication. Plaintiff disagrees with the conclusions and treatment options offered by the medical staff; however, his disagreement with the health care professional's diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. See *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

Plaintiff should amend to provide the following as to EACH medical circumstance:

1. Copies of grievance forms/request forms/sick call requests sent to prison officials;

2. Copies of any correspondence received from prison doctor or nurse;

3. If unable to provide copies of request forms/grievance forms/sick call requests/correspondence, please provide date each was sent, name of prison official it was sent to and description of contents;

4. If unable to provide copies of correspondence received from prison doctor or nurse, please provide date each was received, from whom it was received and description of contents;

5. The type of treatment, if any, he was given;

6. The medication, if any, he was given;

7. The treatment and medication to which he claims that he is entitled;

8. Facts to establish deliberate indifference on the part of each named defendant who allegedly failed to provide medical care; and

9. The specific injuries and the harm sustained as a result of the defendants' fault.

Further, he should amend to identify whether he contends that he is still in need of medical care. If so, he should provide details regarding his requests for treatment, what medical attention he has, or has not, received, from whom, and the status of his health.

### i. *Financial Responsibility for Medical Care*

Plaintiff complains that inmates are charged $125 for a visit to the prison medical facility and $400 for a visit to the Emergency Room. Plaintiff should understand that he does not have a constitutional right to free medical care. *Black v. Moore*, No. 6:19cv423, 2020 U.S. Dist. LEXIS 75064, *24 (E.D. Tex. Mar. 31, 2020).

In *City of Revere v. Massachusetts Gen. Hosp.,* 103 S. Ct. 2979 (1983), the Supreme Court considered whether the Constitution affects the allocation of costs for medical care. The Court explained that "as long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law." *Id*. at 2983. The Court stated

that "[n]othing we say here affects any right a hospital or governmental entity may have to recover from a detainee the cost of the medical services provided to him." *Id*. at 2985 n.7. From this, the lower courts have concluded that there is "no general constitutional right to free health care." *Reynolds v. Wagner*, 128 F.3d 166, 173 (3d Cir. 1997); see *Poole v. Isaacs*, 703 F.3d 1024, 1026 (7th Cir. 2012) (the "Eighth Amendment does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care"); *Bihms v. Klevenhagen*, 928 F.Supp. 717, 718 (S.D. Tex. 1996) ("As [plaintiff] was obliged to pay court costs, he may be obliged to pay his medical costs.").

The Fifth Circuit has found that the prison system may take funds from an inmate's trust fund account for medical care. *Morris v. Livingston*, 739 F.3d 740, 748 (5th Cir. 2014). To the extent that Plaintiff is asserting that it is unconstitutional to charge his inmate trust fund account for medical services, he fails to state a claim upon which relief can be granted and should dismiss this claim and Becky White, whom plaintiff claims is charging him for the medical expenses.

### j.  *No Grievance Process*

Plaintiff complains that there is "no functional grievance or ARP system" at the BPJ. The Fifth Circuit has held that allegations that a prison official has failed adequately to follow particular prison rules, regulations or procedures, such as an ARP, cannot support a Section 1983 claim, without an independent constitutional violation. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012). "The failure of the prison to follow its own policies, including a failure to address prisoner grievances, is not sufficient to make out a civil rights claim." *Richardson v. Thornton*, 299 F. App'x 461, 463 (5th Cir. 2008) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)). Accordingly, LaCour's dissatisfaction with the ARP grievance system at BPJ and the

manner in which they grievances have been handled fails to state a cognizable Section 1983 claim and this claim should be dismissed.

### k. *Recreation*

Plaintiff makes an allegation that there is "no recreation, at all like the rule book says." Doc. 10, p. 4.  However, he provides no factual specificity to his claims.  A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. *Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985); *Hale v. Harney*, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L. Ed. 2d 517 (1993), but the requirement remains firmly in place for claims against individual public officials. *See Schultea v. Wood*, 47 F.3d 1427 (5th Cir.1995) (en banc).  In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations.

Plaintiff's claims standing alone, simply do not rise to the level of cruel and usual punishment as defined by the jurisprudence. First, plaintiff does not name the prison officials who have allegedly denied inmate time outside of their cells.  Moreover, he does not provide any facts regarding how often inmates are given recreation time, when they were denied recreation time, how the recreation restrictions posed a substantial risk of serious harm to his health or safety, nor does he allege that prison officials knew of and disregarded that risk. Inmates do not have a protected liberty interest in specific recreational opportunities and the "[d]eprivation of exercise is not a per se constitutional violation." *Lewis v. Smith,* 277 F.3d 1373 [published in full-text format at 2001 U.S. App. LEXIS 31362], 2001 WL 1485821 (5th Cir. 2001); *Stewart v. Winter*, 669 F.2d 328, 336 n. 19 (5th Cir. 1982); *see also Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998)

(affirming limits on recreation time). "[W]hat is constitutionally required, however, is that [the prisoner] not be confined for long periods without the opportunity for regular physical exercise." *Lewis*, 2001 U.S. App. LEXIS 31362, 2001 WL 1485821(citation omitted).

Plaintiff should amend his complaint to provide the information necessary to determine whether a constitutional violation has occurred.

### l. Verbal Harassment

LaCour complains that Deputy Hext, Deputy Davis and Deputy Gille use racist terms to refer to black men. Doc. 10, p. 5. He also alleges that Officers Calote, Norred and Davis refer to him in as "Inmate," which is degrading, as it is not his name. Doc. 1, p. 7. They also laugh when he asks for grievance forms. *Id.*

To the extent plaintiff argues that disrespectful comments made by some of the defendants violates the Eighth Amendment's prohibition against cruel and unusual punishment, his claim is without merit. The Fifth Circuit has held that verbal abuse/harassment or name-calling by a prison guard does not amount to an Eighth Amendment violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993)). The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir.1995). See *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983). These claims should be dismissed.

### m. Injunctive Relief

Finally, LaCour asked the Court to "reinstate [his] bond so [he] can be in quarantine in solitude." However, such relief is not available in a civil rights action filed pursuant to §1983. See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper

vehicle to attack unconstitutional conditions of confinement and prison procedures. See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). A habeas petition, on the other hand, is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany,* 875 F.2d 436, 439 (5th Cir.1989)).

### III.
#### CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those defendants and claims plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in Chambers this 19th day of January, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE