UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **REGINALD D. LACOUR** | : | **DOCKET NO. 2:21-cv-03195**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JAIL OF BEAUREGARD**<br>**PARISH, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the Court are the original and amended civil rights complaints [docs. 1, 10, 20], filed pursuant to 42 U.S.C. § 1983, by plaintiff Reginald D. LaCour, who is proceeding pro se and in forma pauperis in this matter. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is currently incarcerated at the Beauregard Parish Jail in DeRidder, Louisiana.

For reasons stated below, **IT IS RECOMMENDED** that claims against the following defendants be **DENIED** and **DISMISSED**[1]: (1) Freddie Doyle; (2) Luke Gaspard; (3) Kyle Gill; (4) Rhonda Walker; (5) Mark Herefford; (6) Lisa Gearen; (7) NP Thibedeaux; (8) RN Angie; (9) Becky White, (10) Beauregard Parish Jail (BPJ); and (11) Sheriffs Dept Beauregard Parish.

**I.**
**BACKGROUND**

Plaintiff makes numerous allegations against various individuals related to his confinement at the Beauregard Parish Jail (BPJ).

---

[1] LaCour claims that on August 24, "several officers jumped on [him] while he was handcuffed and shackled," injuring his left elbow. Doc. 10, p. 1. He contends that this "assault" by Deputy Andrew Hext, Deputy Norred, Deputy Calcote, Deputy Straisner, Deputy Spikes, Deputy Cooley, Deputy Smith and Deputy Dickens was unprovoked. *Id.* These claims against these defendants will be addressed in a separate order.

-2-

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Lacour has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Improper Defendants*

#### a. *Beauregard Parish Sheriff's Department and Jail*

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 U.S. Dist. LEXIS 46965, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Accordingly, LaCour's claims against the Beauregard Parish Sheriff's Department must be dismissed.

Moreover, a parish or municipal jail is "not an entity, but a building." *John v. Locke*, 2018 U.S. Dist. LEXIS 1099 at *4 (W.D. La. Jan. 2, 2018). Accordingly, the Beauregard Parish Jail is not a proper defendant to this action and should be dismissed.

#### b. *Supervisory Officials*

Plaintiff names Warden Freddie Doyle and Assistant Warden Luke Gaspard as defendants. Plaintiff should note that [s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), cert. denied, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983).

Plaintiff concedes that the "two wardens may not have physically acted in causing the assault, inadequate medical care, along with the rest of the claims made by Plaintiff," but they

"give (sic) the orders to carry out the task to its personnel." Doc. 20, p. 1. As Plaintiff has not alleged sufficient facts to demonstrate the personal involvement or implementation of unconstitutional polices by Warden Doyle and Assistant Warden Gaspard, they should be dismissed from this suit.

### c. *Medical Defendants*

Plaintiff contends that he has been denied medical care in two instances: (1) following his alleged contraction of Covid-19; and (2) following an injury sustained as a result of an alleged assault by prison officials. As a pretrial detainee, Plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish*, 99 S.Ct. 1861, 1872 (1979). The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997), *quoting Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996). Plaintiff's complaint is directed to episodic acts or omissions. Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show both that he suffered a sufficiently serious deprivation, and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650.

This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. In order to prevail on such claims, convicts must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to

serious medical needs." *Estelle v. Gamble*, 97 S.Ct. 285, 291 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff has made no such showing with respect to either circumstance.

As a result of the alleged assault by several prison officials, LaCour alleges that his left elbow has been "swollen the size of a grapefruit." Doc. 10, p. 1. While he was seen by medical staff at BJP and received an x-ray, which did not show broken bones, he complains that an MRI should have been performed. Nurse Lisa Gearen, named as a defendant herein, told him that he could only have an MRI if he paid for it himself because the prison could not afford it. *Id*. at p. 2. He also names Nurse Practitioner "Mr. Thibedeaux" as a defendant, alleging that he is "acting as doctor prescribing meds." Doc. 1, p. 5.

With respect to the injury to his elbow, it appears that plaintiff simply disagrees with the treatment decisions of the health care professionals who were responsible for his care and treatment. Plaintiff admits that he was examined by a nurse immediately, x-rayed, and promptly dispensed medication. Plaintiff disagrees with the conclusions and treatment options offered by the medical staff; however, his disagreement with the health care professional's diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. See *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

Plaintiff is adamant in his contention that he needs an MRI, and questions whether he has been denied this diagnostic test due to the fact that he cannot afford it or because the officials do not want the extent of his injuries known. Doc. 20, p. 5. However, Courts have held that a prisoner's belief that more tests should be conducted, or additional diagnostic measures undertaken does not elevate a claim to constitutional dimensions. *Patterson v. Dretke*, No. 2:04-cv-132, 2004 U.S. Dist. LEXIS 9946, 2004 WL 1205126 (N.D.Tex., June 2, 2004) (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)); *Roark v. Flannery*, No. 5:12cv60, 2014 U.S. Dist. LEXIS 125626 (E.D.Tex., September 9, 2014).

Further, his allegation that N.P. Thibodeaux ordered an MRI, but Nurse Lisa stopped him is without merit. Even if the facility's medical authorities disagreed on the need for an MRI, the fact that health care providers may disagree with one another is not proof of deliberate indifference. *See Stewart*, 174 F.3d 530, 534 (5th Cir. 1999).

Plaintiff also contends that, at the time of filing his complaint, he had been sick with Covid like symptoms for over a month. Doc. 1, p. 6. He complains that he was unable to be tested for Covid because the facility charges $125 for a visit to the Nurse Practitioner at the facility, which did not perform Covid tests, and a visit to an ER costs $400. *Id*. He alleges that he was coughing up bloody mucus. Plaintiff complains that inmates are charged $125 for a visit to the prison medical facility and $400 for a visit to the Emergency Room. Plaintiff should understand that he does not have a constitutional right to free medical care. *Black v. Moore*, No. 6:19cv423, 2020 U.S. Dist. LEXIS 75064, *24 (E.D. Tex. Mar. 31, 2020).

In *City of Revere v. Massachusetts Gen. Hosp.*, 103 S. Ct. 2979 (1983), the Supreme Court considered whether the Constitution affects the allocation of costs for medical care. The Court explained that "as long as the governmental entity ensures that the medical care needed is in fact

provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law." *Id*. at 2983. The Court stated that "[n]othing we say here affects any right a hospital or governmental entity may have to recover from a detainee the cost of the medical services provided to him." *Id*. at 2985 n.7. From this, the lower courts have concluded that there is "no general constitutional right to free health care." *Reynolds v. Wagner*, 128 F.3d 166, 173 (3d Cir. 1997); *see Poole v. Isaacs,* 703 F.3d 1024, 1026 (7th Cir. 2012) (the "Eighth Amendment does not compel prison administrators to provide cost-free medical services to inmates who are able to contribute to the cost of their care"); *Bihms v. Klevenhagen*, 928 F.Supp. 717, 718 (S.D. Tex. 1996) ("As [plaintiff] was obliged to pay court costs, he may be obliged to pay his medical costs.").

The Fifth Circuit has found that the prison system may take funds from an inmate's trust fund account for medical care. *Morris v. Livingston*, 739 F.3d 740, 748 (5th Cir. 2014). To the extent that Plaintiff is asserting that it is unconstitutional to charge his inmate trust fund account for medical services, he fails to state a claim upon which relief can be granted and the court should dismiss this claim and all claims against Becky White, whom plaintiff claims is charging him for the medical expenses.

### d. *Verbal Harassment*

LaCour complains that Deputy Hext, Deputy Davis and Deputy Gille use racist terms to refer to black men. Doc. 10, p. 5. He also alleges that Officers Calote, Norred and Davis refer to him in as "Inmate," which is degrading, as it is not his name. Doc. 1, p. 7. They also laugh when he asks for grievance forms. *Id*. To the extent plaintiff argues that disrespectful comments made by some of the defendants violates the Eighth Amendment's prohibition against cruel and unusual punishment, his claim is without merit. The Fifth Circuit has held that verbal abuse/harassment or

name-calling by a prison guard does not amount to an Eighth Amendment violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997) *(citing Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993)). The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir.1995). *See Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).  These claims should be dismissed.

### *e.  Recreation*

Plaintiff alleges that there is "no recreation, at all like the rule book says." Doc. 10, p. 4. However, he provides no factual specificity to his claims.  A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. *Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985); *Hale v. Harney*, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L. Ed. 2d 517 (1993), but the requirement remains firmly in place for claims against individual public officials. *See Schultea v. Wood*, 47 F.3d 1427 (5th Cir.1995) (en banc).  In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations.

Plaintiff's claims standing alone simply do not rise to the level of cruel and usual punishment as defined by the jurisprudence.  Despite being ordered to provide more detailed information regarding this claim, plaintiff did not name the prison officials who have allegedly denied inmates time outside of their cells.  Moreover, he has not provided any facts regarding how often inmates are given recreation time, when they were denied recreation time, how the recreation restrictions posed a substantial risk of serious harm to his health or safety, nor has he alleged that

prison officials knew of and disregarded that risk. Inmates do not have a protected liberty interest in specific recreational opportunities and the "[d]eprivation of exercise is not a per se constitutional violation." *Lewis v. Smith,* 277 F.3d 1373 [published in full-text format at 2001 U.S. App. LEXIS 31362], 2001 WL 1485821 (5th Cir. 2001); *Stewart v. Winter*, 669 F.2d 328, 336 n. 19 (5th Cir. 1982); *see also Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (affirming limits on recreation time). "[W]hat is constitutionally required, however, is that [the prisoner] not be confined for long periods without the opportunity for regular physical exercise." *Lewis*, 2001 U.S. App. LEXIS 31362, 2001 WL 1485821(citation omitted). Plaintiff was given the opportunity to provide the necessary facts to move forward with this claim and failed to do so. Accordingly, this claim should be dismissed.

### *f. Grievance Process*

Plaintiff complains that there is "no functional grievance or ARP system" at the BPJ. The Fifth Circuit has held that allegations that a prison official has failed adequately to follow particular prison rules, regulations or procedures, such as an ARP, cannot support a Section 1983 claim, without an independent constitutional violation. *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012). "The failure of the prison to follow its own policies, including a failure to address prisoner grievances, is not sufficient to make out a civil rights claim." *Richardson v. Thornton*, 299 F. App'x 461, 463 (5th Cir. 2008) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)). Accordingly, LaCour's dissatisfaction with the ARP grievance system at BPJ and the manner in which they grievances have been handled fails to state a cognizable Section 1983 claim and this claim should be dismissed.

### *g. No specific claims*

Finally, despite being ordered to amend to provide to allege specific facts which support the conclusion that his constitutional rights were violated by each person named as a defendant, plaintiff did not provide any facts to support his claims against Rhonda Walker, Nurse Angie and Mark Herefford. Accordingly, all claims against these individuals should be dismissed.

## III.
### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that all claims against the following defendants: (1) Freddie Doyle; (2) Luke Gaspard; (3) Kyle Gill; (4) Rhonda Walker; (5) Mark Herefford; (6) Lisa Gearen; (7) NP Thibedeaux; (8) RN Angie; (9) Becky White, (10) Beauregard Parish Jail (BPJ); and (11) Sheriffs Dept Beauregard Parish be **DENIED and DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 26th day of July, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE